IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| GEORGE COLEMAN, JENNIFER COLEMAN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SOUTHWEST STAGE FUNDING, LLC,<br><br>　　　　　Defendant. | No. 1:23-CV-00080-MJT |

## REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case is assigned to the Honorable Michael J. Truncale, United States District Judge. On May 30, 2023, Judge Truncale referred Defendant Southwest Stage Funding, LLC ("Southwest")'s *Motion to Dismiss* (Doc. No. 7) to the undersigned United States Magistrate Judge for consideration and disposition. Doc. No. 22. On August 28, 2023, the undersigned entered an order converting Southwest's *Motion to Dismiss* to a *Motion for Summary Judgment* pursuant to FED. R. CIV. P. 12(d). Doc. No. 25. Accordingly, the Clerk of Court re-filed Southwest's motion as a *Motion for Summary Judgment*. Doc. No. 26. That motion is now pending before the court.

After careful review of the filings and applicable law, the undersigned recommends granting Southwest's converted *Motion for Summary Judgment* (Doc. No. 26) because the Colemans have not identified genuine disputes of material fact as to their claim under the Texas Deceptive Trade Practices Act or their claim under Chapter 51 of the Texas Property Code.

### I.    Factual and Procedural Background

According to the facts alleged in the state court *Petition* (Doc. No. 5), Plaintiffs George and Jennifer Coleman ("the Colemans") reside in Buna, Texas. Doc. No. 5 at 1. The Colemans have a mortgage on their house located at 260 Private Road 5353, Buna, TX 77612, and their

mortgage lender is Southwest. *Id.* The Colemans dispute the debt allegedly owed to Southwest, and allege that they were in the process of modifying their mortgage when a trustee's sale of the Colemans' house took place on December 6, 2022. Doc. No. 10 at 1. The Colemans allege that Southwest failed to provide proper notice of this sale. Doc. No. 5 at 2; Doc. No. 10 at 1. Specifically, the Colemans allege that delivery of the notice of foreclosure sale to George Coleman did not occur until November 19, 2022, which was only 17 days before the sale was scheduled to take place. Doc. No. 10 at 1–2. Delivery of the same notice to Jennifer Coleman did not occur until over two months after the foreclosure sale. *Id.* at 1.

On January 30, 2023, the Colemans filed their *Original Petition and Request for Restraining Order* in the 1st District Court of Jasper County, Texas. Doc. No. 1, Ex. A. In their petition, the Colemans allege Southwest wrongfully attempted to foreclose on their home and seek damages and injunctive relief for violation of Chapter 51 of the Texas Property Code, violation of the Texas Deceptive Trade Practices Act, fraud, and breach of contract. *Id.* On February 23, 2023, Southwest removed the case to this court. Doc. No. 1. On February 27, 2023, Southwest filed its *Motion to Dismiss* (Doc. No. 7) the Colemans' complaint for failing to state a claim upon which relief can be granted.

In their *Response to Defendant's Motion to Dismiss* (Doc. No. 10), the Colemans voluntarily dismissed their fraud and breach of contract claims. Thus, the Colemans have only two live claims remaining against Southwest in this matter: (1) violation of the Texas Deceptive Trade Practices Act and (2) violation of Chapter 51 of the Texas Property Code.

On August 28, 2023, the undersigned entered an order converting Southwest's *Motion to Dismiss* to a *Motion for Summary Judgment* pursuant to FED. R. CIV. P. 12(d). Doc. No. 25 at 2. In that order, the undersigned directed the Clerk of Court to re-file the motion as a Motion for

Summary Judgment and directed the Colemans to respond to the converted Motion for Summary Judgment within fourteen days.  *Id.* at 3.  On September 11, 2023, the Colemans filed their *Response*.  Doc. No. 28.  Southwest filed its *Reply* the same day.  Doc. No. 29.

**II.     Legal Standard**

Summary judgment shall be granted when the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022).  A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material when it is relevant or necessary to the ultimate outcome of the case.  *Id.*  ("[T]he substantive law will identify which facts are material").  The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute.  *See Celotex*, 477 U.S. at 323; *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 433 (5th Cir. 2005).  The court resolves any doubts and draws all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *United States ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009).

The movant must support its assertion by "citing to particular parts of materials in the record . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56 (c)(1)(A)–(B).  "[T]he court . . . may not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255.  "The party opposing summary judgment is required to identify specific evidence

in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tennessee Gas Pipeline Co*, 136 F.3d 455, 458 (5th Cir. 1998).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). As a result, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (quoting *Harvill*, 433 F.3d at 433). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

"Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'" *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995) (quoting *Anderson*, 477 U.S. at 255–56).

### III. Discussion

#### A. Texas Deceptive Trade Practices Act

The Colemans allege several violations of the Texas Deceptive Trade Practices Act ("DTPA") in their original *Petition*. Doc. No. 5. Specifically, the Colemans allege violations of § 17.46(b)(2), (5), (7), (12), and (20). *Id.* at 2–3; *see also* TEX. BUS. & COM. CODE § 17.46(b). Additionally, the Colemans allege a violation of § 17.50(a)(3) based on Southwest's alleged actions in "taking advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree." Doc. No. 5 at 3; *see also id.*, § 17.50(a). The Colemans' DTPA claims are based

4

on their allegation that Southwest failed to provide them proper notice of the foreclosure sale of their home, as required by § 51.002(b) of the Texas Property Code. Doc. No. 5 at 1–2. Southwest contends that the Colemans have not established that they are "consumers" for the purpose of a DTPA claim, and therefore, they do not have standing to properly bring any of their DTPA claims.

The DTPA protects Texas consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty. TEX. BUS. & COM. CODE § 17.44(a). There are three elements to a DTPA claim: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)). DTPA claims often turn on whether a plaintiff qualifies as a "consumer." *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002). To qualify as a consumer, the plaintiff must (1) seek or acquire goods or services by purchase or lease and (2) those goods or services must form the basis of the complaint. *See Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied) (citing TEX. BUS. & COM. CODE § 17.45(4)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id.* at 160.

"Goods" include "tangible chattels or real property purchased or leased for use." TEX. BUS. & COM. CODE § 17.45(1). "Services" include "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* at § 17.45(2). "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Gatling v. CitiMortgage, Inc.*, No. CIV.A. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012) (citing *Fix*, 242 S.W.3d at 160). However, a lender may still be subject to a DTPA claim if "the borrower's

5

objective is the purchase or lease of a good or service." *La Sara Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984). The determining factor is whether the purchase or lease of a good or service was "an objective of the transaction, not merely incidental to it." *Marquez v. Fed. Nat. Mortg. Ass'n*, No. 3:10-CV-02040-L, 2011 WL 3714623, at *5 (N.D. Tex. Aug. 23, 2011) (citing *FDIC v. Munn,* 804 F.2d 860, 865 (5th Cir. 1986).

Here, the Colemans' DTPA claims relate to Southwest's allegedly deceptive actions concerning the servicing of their mortgage and foreclosure sale that occurred on December 6, 2022. Doc. No. 10 at 1. Specifically, the Colemans contend that they "did not receive notice of the foreclosure sale from [Southwest]" and that they "have not received any kind of notice of the sale, or any of the notices required by Chapter 51 of the Texas Property Code." Doc. No. 5 at 2. The Fifth Circuit has held that a mortgagor only qualifies as a consumer under the DTPA if their "primary objective in obtaining the loan was to acquire a good or service, and *that good or service forms the basis of the complaint*." *Miller v. BAC Home loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) (emphasis added).

The Colemans obtained a loan to acquire their home, and the facts alleged in their *Original Petition* (Doc. No. 5) suggest that their objective in doing so was the purchase of their home. However, the Colemans' home loan itself does not form the basis of their DTPA claims. Rather, the basis of their DTPA claims is Southwest's *servicing* of that loan. Thus, the Colemans have failed to demonstrate that they are "consumers" under the DTPA. *See*, *e.g.*, *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) (noting that "[Plaintiff] is not a consumer under [the DTPA] because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction"); *see also Gatling*, 2012 WL 3756581, at *13 (holding plaintiff was not a consumer under the DTPA where "her claim

[was] based on acts occurring years after the financing transaction with [defendant] had been completed" and finding "how [plaintiff's] mortgage loan was administered—and the problems subsequently attending that administration—'is merely incidental to [her] prior objective to purchase a residence'").

The Colemans have not alleged any other facts showing that the loan from Southwest itself is the basis of their DTPA claims. Accordingly, the Colemans lack standing to assert claims under the DTPA because they have not shown they are "consumers."

### B. Chapter 51 of the Texas Property Code

The Colemans contend that Southwest failed to give them 21 days' notice of the foreclosure sale that occurred on December 6, 2022, which violates § 51.002(b) of the Texas Property Code. According to the facts alleged in the Colemans' *Response to Defendant's Motion to Dismiss* (Doc. No. 10), the "attempted delivery of the notice letter to Plaintiff, George Coleman, occurred less than twenty one days before the foreclosure sale," and the attempted delivery of the notice letter to Jennifer Coleman occurred "over two months after the foreclosure sale happened." Doc. No. 10 at 4. Thus, the Colemans contend they should be entitled to injunctive relief because they "have some evidence of a violation of Chapter 51 of the Texas Property Code." Doc. No. 10 at 5.

In response, Southwest contends that there is no requirement that a plaintiff must actually receive a notice of a foreclosure sale for the notice to be valid and effective. Doc. No. 26 at 4, ¶ 9. Southwest further contends that it timely "served Notices of Acceleration and Notice of Trustee's Sale on November 14, 2022 via regular and certified mail." *Id.*, ¶ 10. Thus, Southwest has not violated § 51.002(b) of the Texas Property Code. *Id.* The undersigned agrees with Southwest.

7

"Service of notice is complete when the notice is sent via certified mail." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing TEX. PROP. CODE. § 51.002(e)). "The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* "The plain language of the [Texas Property Code statute] makes clear that service is largely complete upon deposit in the mail, not upon actual receipt." *Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, No. 4:18-CV-875-ALM-CAN, 2019 WL 6333989, at *15 (E.D. Tex. Oct. 31, 2019), *report and recommendation adopted sub nom. Maples v. Barrett Daffin Frappier Turner & Engel, LLP*, No. 4:18-CV-875, 2019 WL 6311022 (E.D. Tex. Nov. 25, 2019).

Here, Southwest provided an affidavit of Michael Burns, an attorney representing Southwest, who stated that on or around November 14, 2022, his office directed its mail vendor to "mail Notices of Acceleration and Notice of Trustee's Sale to Plaintiffs George Coleman and Jennifer Coleman via regular and certified mail" to the Colemans' address in Buna, Texas. Doc. No. 26-2 at 2. Southwest also attached two "Declaration of Mailing" affidavits of Charlene Broussard, an employee of Southwest's mail vendor, who stated that she deposited the "Notice of Acceleration and Notice of Trustee's Sale" in the U.S. mail on November 14, 2022, addressed to both Jennifer and George Coleman. Doc. No. 26-2 at 3, 13. The foreclosure sale took place on December 6, 2022. Thus, the notices were deposited in the mail 22 days before the date of the foreclosure sale, which complies with the Texas Property Code service of notice provision. *See* TEX. PROP. CODE. § 51.002(e). Accordingly, Southwest's summary judgment evidence establishes that the mailing of the notices complied with Texas law.

### C. Injunctive Relief

The Colemans seek a temporary restraining order seeking to enjoin Southwest from selling their home and/or forcing the Colemans to vacate their house. Doc. No. 5 at 4. The Colemans contend that because they have some evidence of a violation of Chapter 51 of the Texas Property Code, they should therefore be entitled to the injunctive relief they seek. Doc. No. 10 at 5. In response, Southwest contends that because injunctive relief is premised on the underlying claims and the Colemans's claims cannot withstand summary judgment, the Colemans' request for injunctive relief should be dismissed. Doc. No. 26 at 7–8. The undersigned agrees with Southwest.

Under Texas law, "[t]o obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Thus, "a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Here, the Colemans have failed to plead any viable cause of action against Southwest or a probable right to the relief sought. Accordingly, their request for injunctive relief should be denied.

### IV. Conclusion

Southwest has met its summary judgment burden of demonstrating that there are no genuine issues of material fact in dispute. Accordingly, the undersigned recommends **GRANTING** Defendant Southwest Stage Funding, LLC's *Motion for Summary Judgment* (Doc. No. 26).

## V.     **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within 14 days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within 14 days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge